UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ERIC TRIPP, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1861 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 7, 9, 10 |
| | : | | |
| MICHAEL ASTRUE, Commissioner, | : | | |
| Social Security Administration, | : | | |
| | : | | |
| Defendant. | : | | |

### MEMORANDUM ORDER

#### DENYING THE DEFENDANT'S MOTION TO DISMISS

The plaintiff, proceeding *in forma pauperis* and *pro se*, commenced this action seeking an order compelling the Social Security Administration ("SSA") to consider him for partial disability insurance benefits and, if warranted, award retroactive benefits. The matter is before the court on the defendant's motion to dismiss the complaint on the ground that it is untimely. Because the complaint, on its face, is not conclusively time-barred, the court denies the defendant's motion.

### I. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff applied for Social Security disability insurance benefits after he severely injured his right hand in July 2005. Compl. at 1. On June 22, 2007, an administrative law judge denied the plaintiff's application, and on August 6, 2008, the SSA's Appeals Council issued the agency's final decision in the matter, denying the plaintiff's request for review. *Id.* at 1-2; Def.'s Mot. at 1. On October 14, 2008, the plaintiff submitted a *pro se* complaint, accompanied by an

application to proceed *in forma pauperis*.  *See* Compl. at 1 (showing the "received" date-stamp of October 14, 2008).

The defendant has filed a motion to dismiss, contending that the complaint is time-barred. *See* Def.'s Mot. at 2.  The plaintiff does not dispute the defendant's contention that his complaint was late-filed, but asks that his purportedly late filing be excused.  *See* Pl.'s Opp'n at 1.  In support, he states that he "became oblivious to the Social Security Adjudication and Review appeal deadline" because he "suffered periods of homelessness during the filing [period]" and was separated from his personal papers from time to time.  *Id.*

## II.  ANALYSIS

### A.  Legal Standard for a Defense of Limitations Raised in a Motion to Dismiss

Before filing an answer, a defendant may raise an affirmative defense of limitations in a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted when the facts that give rise to the defense are clear from the face of the complaint.  *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).  A court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred.  *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

### B.  The Complaint is Not Conclusively Time-Barred on its Face

The docket indicates that the complaint was filed on October 29, 2008.  The defendant, however, acknowledges that the complaint was in fact submitted for filing on October 14, 2008, along with the plaintiff's application to proceed *in forma pauperis*.  *See* Def.'s Reply at 1.  If a plaintiff submits a complaint and an application to proceed *in forma pauperis,* the Clerk's Office

reviews the application before the case is opened and denoted on the docket as "filed." In such cases, the filing date for statute of limitations purposes is the date on which the complaint is submitted to the Clerk's Office for filing along with the application to proceed *in forma pauperis*, not the date the complaint is subsequently denoted as "filed." *See Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1058 n.2 (D.C. Cir. 1988). Thus, the court will treat October 14, 2008 as the date the complaint was filed for statute of limitations purposes.

A civil action challenging the SSA Commissioner's final decision is timely only if it is "commenced within sixty days after the mailing . . . of notice of [the Commissioner's final] decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). In this case, the notice of final decision was issued on August 6, 2008. Def.'s Mot. at 1 & Ex. A ¶ 3(a). The record does not establish when the notice was, in fact, mailed. The law presumes, however, that the notice is both mailed and received five days after the date the decision is issued, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). There is no reasonable contrary showing in this record. Thus, applying Federal Rule of Civil Procedure 6 to the five-day period prescribed by the regulation, the court presumes that the notice was received on Wednesday, August 13, 2008. *See* FED. R. CIV. P. 6(a)(2) (excluding "intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days"). The sixty-day period to file a civil action began on August 14, 2008. *See* FED. R. CIV. P. 6(a)(1) (excluding the "day of the act, event, or default that begins the period").

The sixty-day period would have ended on Monday, October 13, 2008, except that Rule 6 provides that if the last day of a prescribed period falls on a Saturday, Sunday or legal holiday – as it did in this case – then "the period runs until the end of the next day that is not a Saturday,

Sunday, legal holiday, or day when the clerk's office is inaccessible." FED. R. CIV. P. 6(a)(3); *id.* 6(a)(4)(A). Thus, because October 13, 2008 was a legal holiday, October 14, 2008 was the last day of the sixty-day period extending from August 13, 2008, the date that the notice is presumed to have been mailed. *See* 20 C.F.R. §§ 404.981 and 422.210(c). The record establishes that the plaintiff submitted the complaint for filing on October 14, 2008. *See* Def.'s Reply at 1. Consequently, the court holds that the complaint is not conclusively time-barred and denies the defendant's motion to dismiss.

### III.  CONCLUSION

Because, absent evidence to the contrary, it appears that the complaint was timely when it was filed on October 14, 2008, it is this 12th day of November, 2009 hereby

**ORDERED** that the defendant's motion to dismiss be, and it hereby is, **DENIED**; and it is

**FURTHER ORDERED** that on or before December 3, 2009, the parties shall confer and file a jointly proposed schedule upon which this case will proceed.

**SO ORDERED**.

                                                                RICARDO M. URBINA
                                                  United States District Judge